IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRANDON M. CHETELAT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-492 (MN) |
| | ) | |
| JAMES T. VAUGHN CORRECTIONAL | ) | |
| CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**


Brandon M. Chetelat, Smyrna, Delaware – *Pro Se* Plaintiff


December 17, 2020
Wilmington, Delaware

*Maryellen Noreika*

**NOREIKA, U.S. DISTRICT JUDGE:**

## I.   INTRODUCTION

Plaintiff Brandon M. Chetelat ("Plaintiff"), an inmate at James T. Vaughn Correctional Center, filed this action pursuant to 42 U.S.C. § 1983.  (D.I. 2).  Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 7).  This Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## II.   BACKGROUND

Plaintiff alleges that on February 4, 2020, Defendants Correctional Officers Joshua Lawrence ("Lawrence") and Tod Koch ("Koch) removed him from the tier, placed him in handcuffs, and told him that he was being written up and taken to isolation.  (D.I. 2 at 4).  Plaintiff was taken to the barber shop to wait for mental health before the transfer to isolation.  (*Id.*).  Approximately 20 minutes later, Lawrence and Koch told Plaintiff that mental health had arrived.  (*Id.*).  At that point, Plaintiff stood up from his chair.  (*Id.*).  He alleges that both officers charged him and threw him down and Lawrence maced him, all while Plaintiff was handcuffed behind his back.  (*Id.*).  Plaintiff seeks compensatory damages.  (*Id.* at 6).

Plaintiff states in the complaint that he did not file a grievance regarding the matter.  (*Id.*).  He explains that he did not file a grievance because he only had seven days to file one and he did not know that at the time.  (*Id.*).

## III.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C.

§ 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp*., 293 F.3d 103, 112 (3d Cir. 2002).  "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'"  *Dooley v. Wetzel*, 957 F.3d. at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions.  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp*., 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

IV.     **DISCUSSION**

Under the Prison Litigation Reform Act of 1996, a prisoner must pursue all available avenues for relief through the prison's grievance system before bringing a federal civil rights action. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). Section 1997(e) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of the Revised Statutes of the United States, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e). The exhaustion requirement is mandatory. *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007); *Booth*, 532 U.S. at 742 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"). The  limitations period for filing § 1983 action is tolled during the period that a prisoner spends exhausting his administrative remedies. *See Jones v. Unknown D.O.C. Bus Driver & Transportation Crew*, 944 F.3d 478, 480 (3d Cir. 2019).

There is no futility exception to § 1997e's exhaustion requirement. *Nyhuis v. Reno*, 204 F.3d 65, 75-76 (3d Cir. 2000). An inmate must fully satisfy the administrative requirements of the inmate grievance process before proceeding into federal court. *Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004); *see also Oriakhi v. United States*, 165 F. App'x 991, 993 (3d Cir. 2006) (providing that "there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court"). Courts have concluded that inmates who fail to fully, or timely, complete the prison grievance process are barred from subsequently litigating claims in federal

court.  *See e.g.*, *Booth v. Churner*, 206 F.3d 289 (3d Cir. 2000); *Bolla v. Strickland*, 304 F. App'x 22 (3d Cir. 2008).

If the actions of prison officials directly caused the inmate's procedural default on a grievance, the inmate will not be held to strict compliance with this exhaustion requirement. *See Camp v. Brennan*, 219 F.3d 279 (3d Cir. 2000).  In addition, an inmate's failure to exhaust will be excused "under certain limited circumstances," *Harris v. Armstrong*, 149 F. App'x 58, 59 (3d Cir. 2005), and an inmate can defeat a claim of failure to exhaust only by showing "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate."  *Davis v. Warman*, 49 F. App'x 365, 368 (3d Cir. 2002); *see also See Ross v Blake*, __U.S.__, 136 S.Ct. 1850, 1859-1860 (2016) (An administrative procedure is not available when it operates as a simple dead end; when it is so opaque that it becomes incapable of use; and when prison administrators thwart inmates from taking advantage of a grievance process through machination, misinterpretation, or intimidation.).  Also, "administrative remedies are not 'available' under the PLRA where a prison official inhibits an inmate from resorting to them through serious threats of retaliation and bodily harm."  *Rinaldi v. United States*, 904 F.3d 257, 267 (3d Cir. 2018).  While exhaustion is an affirmative defense, this Court may *sua sponte* dismiss an action pursuant to § 1915A when the failure to exhaust defense is obvious from the face of the complaint.  *See Caiby v. Haidle*, 785 F. App'x 64, 65 (3d Cir. 2019).

Plaintiff admits in the Complaint that the grievance process was not complete when he commenced this action.  He indicates that he never filed a grievance because he only had seven day to do so, and he did not file a grievance at the time.  No matter, Plaintiff is still required to exhaust his administrative remedies prior to commencing suit.  Given his admission in the Complaint that he never filed a grievance, it is clear that the grievance process was not complete

when Plaintiff filed this action and, therefore, dismissal for failure to exhaust is warranted.  The Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

## V.    <u>CONCLUSION</u>

For the above reasons, the Court will dismiss the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for failure to exhaust administrative remedies.

An appropriate Order will be entered.